**William TARANTINO and Linda Tarantino, Plaintiffs-Appellants,**

v.

**Terry MARTIN, Defendant-Appellee.**

No. 79CA0435.

Colorado Court of Appeals, Div. II.

Oct. 25, 1979.

Schey & Schey Neil E. Piller, Longmont, for plaintiffs-appellants.

Honaker & Wilbur, P.C., James F. Wilbur, Longmont, for defendant-appellee.

PIERCE, Judge.

Plaintiffs appeal the trial court's dismissal of their claims against defendant for conversion of their horse. We reverse.

Defendant assisted plaintiffs in purchasing a horse in July 1975. The parties agreed that, beginning in September 1975, the defendant would board the horse at his ranch for a monthly fee. Plaintiffs made one payment of $40 to defendant in October 1975, but made no further payments. Defendant demanded payment by telephone in December 1975, and directly, during a chance meeting at a local store, on February 1, 1976. On both occasions plaintiffs said they would make payment. Defendant mailed plaintiffs a certified letter, again demanding payment, on February 2, 1976. Again, plaintiffs did not respond. In mid-February defendant posted notices in several local stores that the horse was for sale. By the first of March, after making two unsuccessful attempts to notify plaintiffs of his intentions, defendant sold the horse.

Plaintiffs brought action to recover the value of the horse and tack. The trial court found that the horse had been abandoned and dismissed plaintiffs' action.

Plaintiffs contend, among other things, that the trial court erred in ruling that the

horse could be presumed abandoned as defined by § 38–20–116(1), C.R.S. 1973 (1978 Cum.Supp.), and that defendant had substantially complied with the notice requirement of § 38–20–116(2), C.R.S. 1973 (1978 Cum.Supp.).

Assuming without deciding that the trial court's ruling with respect to abandonment was correct, we agree that the trial court erred in finding that defendant provided plaintiffs the required notice of sale. Although defendant made unsuccessful attempts by telephone and in person to notify plaintiffs of the sale, he failed to send notice by registered or certified mail as required by the statute, thereby making him liable to plaintiffs. Section 38–20–107(2), C.R.S. 1973 (1978 Cum.Supp.).

The judgment is reversed with directions to reinstate the complaint and for further proceedings consistent with this opinion.

RULAND and BERMAN, JJ., concur.